IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT JAMES HUNLEY, | ) | Civil Action No. 7:11cv00386 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DIRECTOR OF CORRECTIONS, <u>et al.</u>, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Robert James Hunley, a Virginia inmate proceeding <u>pro se</u>, filed this civil rights action pursuant to 42 U.S.C. § 1983. However, the court finds that Hunley has not stated a claim upon which relief may be granted and, therefore, dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Hunley claims that in 1963 his cellmate tried to kill him in his sleep. Although Hunley survived this alleged attack, he states that he now suffers post-traumatic stress disorder (PTSD) and a phobia. Hunley argues that he cannot be housed with a cellmate because of his PTSD and phobia and that he is afraid that he might have a nightmare and kill his cellmate "without even knowing it." However, Hunley is currently housed at Red Onion State Prison and states that he is and has been housed in segregation for the past nine years.[1] Hunley does not state how any of the named defendants violated his constitutional rights, but rather argues generally that the Virginia prison system is violating his rights by trying to house him in a double cell.[2]

---

[1] Hunley also summarily claims that being housed in segregation is cruel and unusual punishment. However, confinement in segregation without more does not amount to cruel and unusual punishment, even if for a prolonged period. <u>Sweet v. South Carolina Dep't. of Corrections</u>, 529 F.2d 854, 861 (4th Cir. 1975). Hunley does not allege that conditions in segregation are substandard.

[2] The court also notes that Hunley has already filed this same claim, supported by the same allegations, twice in the United States District Court for the Eastern District of Virginia. <u>See</u> <u>Hunley v. VA Prison System</u>, Civil Action No. 2:10cv137 and <u>Hunley v. VA Prison System</u>, Civil Action No. 2:10cv273. Both of those actions were dismissed with prejudice for failure to state a claim.

1

**II.**

To state a claim for relief under §1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Hunley argues that he should be placed in a single cell because of his "medical needs" and argues that the Virginia prison system is violating his rights by trying to house him in a double cell. However, Hunley concedes that he is and has been housed in a single cell for at least the past nine years. Accordingly, the court finds that Hunley has failed to state a constitutional claim upon which relief may be granted and, therefore, the court dismisses his complaint.[3]

**III.**

For the reasons stated, the court dismisses Hunley's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER**: This 29th day of August, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3] Further, the court also notes that Hunley has failed to demonstrate how any of the named defendants have violated his constitutional rights. Still further, the court notes that it appears that Hunley has failed to properly exhaust his claims against any of the named defendants before filing this action as all of the grievances submitted with his complaint pertain to his time spent at Sussex I State Prison.